IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| J.T. BIRSTON and DALE SPENCER, | : | |
| Plaintiffs | : | |
| VS. | : | |
| Sheriff TOMLYN PRIMUS, *et al.*, | : | NO. 5:07-CV-54 (HL) |
| Defendants | : | **O R D E R** |

Plaintiffs, **J.T. BIRSTON** and **DALE SPENCER**, inmates of the Hancock County Detention Center in Sparta, Georgia have filed a joint *pro se* complaint under 42 U.S.C. § 1983, challenging, *inter alia*, the conditions of their confinement. Plaintiffs also seek to proceed *in forma pauperis*.

The Prison Litigation Reform Act of 1995 (the "PLRA") requires that a prisoner bringing a civil action *in forma pauperis* pay the full filing fee. 28 U.S.C. § 1915(b). The Eleventh Circuit Court of Appeals has recently held that prisoners proceeding *in forma pauperis* are not allowed to join together as plaintiffs in a single lawsuit. Each prisoner is required to file his own lawsuit and pay the full amount of the filing fee. ***Hubbard v. Haley***, 262 F.3d 1194 (11th Cir. 2001). Prisoners may not join claims and thus pro-rate a single filing fee. As the Eleventh Circuit in ***Hubbard*** noted, requiring each plaintiff to pay the full filing fee is consistent with Congress's purpose of imposing costs on prisoners to deter frivolous suits. ***Id.*** at 1197-98.

Applying this principle to the case at hand, plaintiffs' requests to proceed *in forma pauperis* are hereby **DENIED** and this case is **DISMISSED**. Dismissal is without prejudice and plaintiffs will be allowed to refile their complaints separately, if they choose.

**SO ORDERED**, this 21st day of February, 2007.

>  *s/ Hugh Lawson*
> HUGH LAWSON
> UNITED STATES DISTRICT JUDGE

cr